**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUY R. WOODARD, | ) |
| Plaintiff, | ) ) |
| v. | ) ) 2:14-cv-272-RFB-NJK |
| JAMES COX et al., | ) ) **ORDER** |
| Defendants. | ) ) |
| _____ | ) |

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner. In a previous order, this Court granted Plaintiff leave to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915(a)(1).[1] (ECF No. 25 at 12).

On April 22, 2014, the Court entered a screening order. (ECF No. 3). The screening order imposed a 90-day stay and the Court entered a subsequent order encouraging the parties to engage in informal settlement discussions. (ECF No. 3, 5). In August 2014, the parties requested a settlement conference. (ECF No. 13). On October 21, 2014, this Court entered a screening order on the second amended complaint. (ECF No. 25). On October 28, 2014, the parties held settlement discussions before this Court. (ECF No. 27). The Office of the Attorney General has filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. (ECF No. 34). On October 29, 2014, this Court referred the case to the Pilot Pro Bono Program for the purpose of identifying pro bono counsel for Plaintiff. (ECF No. 30).

. . . .

---

[1] Plaintiff is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

On October 28, 2014, Plaintiff filed a motion to dismiss Count I of his second amended complaint without prejudice. (ECF No. 28). On November 3, 2014, Plaintiff filed a motion to withdraw his previous motion and to proceed on Count I. (ECF No. 32). On that same day, Plaintiff filed a motion to stay his case for 60 days in order to take full advantage of the Pilot Pro Bono Program. (ECF No. 33).

The Court grants Plaintiff's motion to withdraw his motion to dismiss Count I (ECF No. 32). As such, the motion to dismiss Count I (ECF No. 28) is denied as moot. The Court also grants Plaintiff's motion to stay his case until the Court appoints pro bono counsel.

**IT IS THEREFORE ORDERED** that:

1. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of Plaintiff's second amended complaint (ECF No. 23) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

2. Subject to the findings of the screening order (ECF No. 25), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

3. If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days from the date that pro bono counsel is appointed to Plaintiff in this case**.

5. Henceforth, Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

6. The motion to withdraw Plaintiff's motion to dismiss (ECF No. 32) is GRANTED.

7. The motion to dismiss Count I without prejudice (ECF No. 28) is DENIED as moot in light of Plaintiff's motion to withdraw that motion.

8. The motion to stay the case (ECF No. 33) is GRANTED. The Court shall stay the case until Plaintiff is appointed pro bono counsel. However, the stay does not begin until after the Attorney General's Office notifies this Court of who it accepts service for in compliance with paragraphs numbered 2 and 3 of this order. After complying with paragraphs numbered 2 and 3 in this order, the case is stayed until Plaintiff is appointed pro bono counsel. Upon the appointment of pro bono counsel, Defendants shall file and serve an answer or other response to the complaint within 60 days.

Dated this 14th day of November, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE