# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GUY R. WOODWARD, | |
| Plaintiff(s), | Case No. 2:14-cv-00272-RFB-NJK |
| vs. | ORDER DENYING MOTION TO EXTEND |
| JAMES COX, et al., | |
| Defendant(s). | (Docket No. 62) |

Pending before the Court is a stipulation to reopen and extend deadlines for expert and rebuttal expert disclosures. Docket No. 62. Requests to extend discovery deadlines must "be supported by a showing of good cause for the extension." Local Rule 26-4. Additionally, "all motions or stipulations to extend a deadline set forth in the discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline." *Id*. Late motions or stipulations "shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect." *Id.*

Here, the parties filed their stipulation on February 22, 2016, and the expert and rebuttal expert disclosure deadlines expired on December 17, 2015, and January 16, 2016, respectively. Docket Nos. 62, 53 at 3. Thus, the Local Rules require them to demonstrate that their failure to act was the result of excusable neglect. The parties, however, fail to address, much less establish, good cause or excusable neglect. Docket No. 62 at 2.

Rather than complying with the form and substance requirements of Local Rule 26-4, the parties state that they request an extension pursuant to Rule 29 of the Federal Rules of Civil Procedure. *Id*. Rule 29 permits parties to stipulate to extend the time for any form of discovery, unless "it would

interfere with the time set for completing discovery, for hearing a motion, or for trial." In contrast, where a stipulation "would interfere with any time set for completion of discovery," it "may be made only with approval of the Court." Local Rule 7-1(b). The Court's approval, in turn, depends on whether the requirements of Local Rule 26-4 are met. The stipulation here interferes with the time set for completing the expert and rebuttal expert disclosures. Therefore, the parties' reliance on Rule 29 does not excuse their failure to comply with Local Rule 26-4.

Accordingly, the stipulation is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: February 23, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge