UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GUY R. WOODWARD, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-00272-RFB-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JAMES COX, et al., | ) | |
| | ) | (Docket No. 68) |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's Motion to Extend Time, or Alternatively to Reopen the Timeframe for Service. Docket No. 68. The Court finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons stated below, the motion for is **GRANTED**.

The Court must extend the 120-day Rule 4(m) deadline if the serving party shows good cause for failure to serve within 120 days. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). The Court may extend time for service even after the 120-day period expires. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). If the serving party does not show good cause, the Court has discretion to extend time for service or to dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service or to dismiss without prejudice for failure to timely serve is broad. *Id*.

Here, Plaintiff has shown good cause to warrant an extension of the Rule 4(m) deadline. The Court therefore **GRANTS** Plaintiff a 60-day extension of time to effectuate service on Defendants

1 | Cheryl Burson, Cheryl Dressler, and Fred Richardson.  The Court accordingly extends the Rule 4(m)
2 | deadline to May 14, 2016.
3 |     IT IS SO ORDERED.
4 |     DATED: March 28, 2016

                                          _____
                                          NANCY J. KOPPE
                                          United States Magistrate Judge