ADAM PAUL LAXALT
Nevada Attorney General
JARED M. FROST
Senior Deputy Attorney General
Nevada Bar No. 11132
Office of the Attorney General
Bureau of Litigation
Public Safety Division
555 E Washington Ave, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3177
Email: jfrost@ag.nv.gov
*Attorneys for Defendants
James Cox, Brian Williams, Romeo Aranas,
Francisco Sanchez, Frank Dreesen, and
Benedicto Gutierrez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUY R. WOODARD,<br><br>Plaintiff,<br><br>v.<br><br>JAMES COX, *et al.*<br><br>Defendants. | Case No.: 2:14-cv-00272-RFB-NJK<br><br>**DEFENDANTS' RENEWED, UNOPPOSED MOTION TO EXTEND DISCOVERY AND SCHEDULING DEADLINES**<br><br>**(THIRD REQUEST)** |

    Defendants James Cox, Brian Williams, Romeo Aranas, Francisco Sanchez, Frank Dreesen, and Benedicto Guitierrez, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy Attorney General, hereby move for a further extension of the remaining discovery and scheduling deadlines for an additional sixty (60) days. Defendants' motion is based on Federal Rule of Civil Procedure 7 and Local Rules 7-2 and 26-4, the following memorandum of points and authorities, the pleadings and papers on file, and the attached declaration of counsel.

///

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

This is a civil action that has been pending for more than twenty-six (26) months. Plaintiff, a former inmate, filed his original civil rights complaint on February 21, 2014. *See* ECF No. 4. On August 26, 2015, Plaintiff filed a third-amended complaint. ECF No. 49. On September 9, 2015, the Court approved the parties' stipulated discovery plan and proposed scheduling order. ECF No. 53). Pursuant to the discovery plan, all discovery must have been completed by February 15, 2016. *Id*. at 2.

On September 23, 2015, Defendants filed a motion to dismiss Plaintiff's third-amended complaint in part. ECF No. 54.

On February 15, 2016, Plaintiff filed a motion for extension of discovery deadlines for 120 days. ECF No. 57. On February 19, 2016, the Court granted Plaintiff's motion. ECF No. 61.

On March 8, 2016, the parties filed a joint motion to reopen and extend the expert deadlines until April 19, 2016. ECF No. 65. The Court granted the parties' motion the following day. ECF No. 66.

On April 19, 2016, the parties filed a stipulation to extend the expert report deadline until June 14, 2016. ECF No. 72. The Court granted the parties' request to extend the expert report deadline on April 20, 2016. ECF No. 73. Discovery is currently set to close on June 14, 2016. ECF No. 61.

On May 6, 2016, Defendants filed a motion to extend discovery and scheduling deadlines. ECF No. 78. On May 9, 2016, the Court denied Defendants motion without prejudice because Defendants had failed to include a certification that they had met and conferred with Plaintiff about the proposed extension. ECF No. 79.[1] This renewed motion for an extension of the remaining discovery and scheduling deadlines follows.

---

[1] Defendants were somewhat confused by the Court's interpretation of LR 26-7(c), as the Court had previously granted Plaintiff's motion to extend the discovery deadlines without requiring a meet and confer certification, *see* ECF Nos. 57 and 61, and LR 26-7(b)'s specific references to a "motion to compel discovery" and a motion "for a protective order" suggest that these are the types of "discovery motions" that require the moving party to provide a meet and confer certification pursuant to subsection (c). *C.f.* Fed. R. Civ. P. 37(a)(1)

## II. APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## III. ARGUMENT

Defendants submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional sixty (60) days. Defendants provide the following information pursuant to Local Rule 26-4.

### A. Discovery Completed

As of the filing of this renewed motion, Defendants have provided Plaintiff with three sets of production of documents pursuant to their disclosure obligations under Federal Rule of Civil Procedure 26 and in response to Plaintiff's informal discovery requests. Plaintiff has provided Defendants with two sets of production documents pursuant to his disclosure obligations.

///

///

---

(requiring certification for meet and confer when a party "move[s] for an order compelling disclosure or discovery."); *see also* Fed. R. Civ. P. 6(b) (providing that a court may extend the time to perform an act "for good cause" and omitting any meet and confer requirement).

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

On February 9, 2016, Defendants took Plaintiff's deposition.

On February 25, 2016, Defendants served Plaintiff with requests for production of documents. Defendants' requests included authorization forms to obtain an independent set of Plaintiff's medical records.

On March 15, 2016, Plaintiff served Defendants with one set of interrogatories and one set of requests for admissions for each of the following three Defendants: Brian Williams, Romeo Aranas, and Benedicto Gutierrez.

On March 29, 2016, Plaintiff served Defendants with one set of interrogatories and one set of requests for admission for Defendant Francisco Sanchez.

On April 7, 2016, Defendants served Plaintiff with responses to the interrogatories and requests for admissions for Defendants Williams, Aranas, and Gutierrez.

On April 15, 2016, Plaintiff provided Defendants with two signed record release authorization forms. However, the forms had not been notarized.

On April 19, 2016, Defendants served their initial expert witness disclosures.

On April 22, 2016, Defendants served supplemental expert witness disclosures.

On May 3, 2016, Plaintiff provided Defendants with notarized copies of two record release authorization forms.

On May 4, 2016, Plaintiff provided Defendants with responses to their requests for production of documents.

**B.     Discovery That Remains To Be Completed**

Defendants need additional time to request and collect a complete set of Plaintiff's medical records (including key MRI and x-ray records of Plaintiff's knee), provide all relevant records to the experts, and to schedule an independent medical examination of Plaintiff's knee. Defendants will also need time to review Plaintiff's medical records and determine what additional discovery may be necessary. Additional discovery contemplated at this time includes depositions of one or more of Plaintiff's treating physicians, interrogatories, and requests for admissions.

///

Moreover and as noted above, Defendant Sanchez is currently out of the country, and the parties have agreed the he will be permitted until June 14, 2016, to serve his responses to Plaintiff's discovery requests.

### C. Reasons Why The Deadlines Were Not Satisfied

Plaintiff failed to respond to Defendants' February 2016 discovery requests until May 4, 2016, approximately thirty-nine (39) days after the thirty (30) day response period had expired. Following several unsuccessful attempts to obtain the requested discovery, the undersigned drafted a motion to compel the discovery. However, Plaintiff has now provided the needed record release authorizations and medical provider list to enable Defendants to begin collecting all the relevant records, and it therefore appears that Court intervention will not be necessary to resolve the discovery dispute. While the discovery dispute has been resolved, the significant delay occasioned by Plaintiff's late response will prevent Defendants from completing all necessary discovery by the current discovery deadline. Further, Plaintiff has identified nine (9) separate medical providers in his response, each of which may have discoverable records relevant to this lawsuit. Defendants therefore request an additional extension of sixty (60) days to complete discovery and to serve expert reports.

### D. Proposed Schedule For Remaining Discovery And Scheduling Deadlines

Defendants propose the following remaining discovery and scheduling deadlines.

| | |
|---|---|
| August 12, 2016 | Close of discovery and last day to serve expert reports |
| September 12, 2016 | Motions for summary judgment due |
| October 12, 2016 | Joint pretrial order due (suspended until 30 days after the Court resolves dispositive motions) |

## IV. CONCLUSION

There is good cause to extend the remaining discovery and scheduling deadlines, and Defendants' motion should be granted.

## V. CERTIFICATION

Defendants certify that they have communicated directly with Plaintiff's counsel by telephone in a good-faith effort to resolve the disputed discovery without the need for Court

-5-

intervention. See Exhibit 1 (relating that Plaintiff's counsel has no opposition to Defendants' renewed request to extend the discovery deadlines).

DATED this 12th day of May, 2016.

Respectfully submitted,

ADAM PAUL LAXALT
Nevada Attorney General

By:   /s/ Jared M. Frost
     JARED M. FROST
     Senior Deputy Attorney General
     Nevada State Bar No. 11132
     *Attorneys for Defendants*

IT IS SO ORDERED.　　　　　　　　　DATED __May 13_____, 2016.

_____
UNITED STATES MAGISTRATE JUDGE