ADAM PAUL LAXALT
Nevada Attorney General
JARED M. FROST
Senior Deputy Attorney General
Nevada Bar No. 11132
Office of the Attorney General
Bureau of Litigation
Public Safety Division
555 E Washington Ave, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3177
Email:  jfrost@ag.nv.gov
*Attorneys for Defendants*
*James Cox, Brian Williams, Romeo Aranas,*
*Francisco Sanchez, Frank Dressen,*
*Benedicto Guitierrez, Fred Richardson*
*and Cheryl Dressler*

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GUY R. WOODARD,<br><br>                Plaintiff,<br><br>            v.<br><br>JAMES COX, *et al.*<br><br>                Defendants. | Case No.:  2:14-cv-00272-RFB-NJK<br><br>**ORDER RE:**<br>**DEFENDANTS' MOTION TO EXTEND DISCOVERY AND REMAINING SCHEDULING DEADLINES**<br><br>**(FOURTH REQUEST)**<br><br>**As amended on page 2** |

Defendants James Cox, Brian Williams, Romeo Aranas, Francisco Sanchez, Frank Dreesen, Benedicto Guitierrez, Fred Richardson, and Cheryl Dressler, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy Attorney General, hereby move to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days for settlement negotiation purposes.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND

This is a civil action that has been pending for more than twenty-six (26) months. Plaintiff, a former inmate, filed his original civil rights complaint on February 21, 2014. *See* ECF No. 4. On August 26, 2015, Plaintiff filed a third-amended complaint. ECF No. 49. On September 9, 2015, the Court approved the parties' stipulated discovery plan and proposed scheduling order. ECF No. 53). Pursuant to the discovery plan, all discovery must have been completed by February 15, 2016. *Id*. at 2.

On September 23, 2015, Defendants filed a motion to dismiss Plaintiff's third-amended complaint in part. ECF No. 54.

On February 15, 2016, Plaintiff filed a motion for extension of discovery deadlines for 120 days. ECF No. 57. On February 19, 2016, the Court granted Plaintiff's motion. ECF No. 61.

On March 8, 2016, the parties filed a joint motion to reopen and extend the expert deadlines until April 19, 2016. ECF No. 65. The Court granted the parties' motion the following day. ECF No. 66.

On April 19, 2016, the parties filed a stipulation to extend the expert report deadline until June 14, 2016. ECF No. 72. The Court granted the parties' request to extend the expert report deadline on April 20, 2016. ECF No. 73. Discovery is currently set to close on August 12,  2016. ECF No. 61.

On May 6, 2016, Defendants filed a motion to extend discovery and scheduling deadlines. ECF No. 78. On May 9, 2016, the Court denied Defendants motion without prejudice because Defendants had failed to include a certification that they had met and conferred with Plaintiff about the proposed extension. ECF No. 79. On May 12, 2016, Defendants filed a renewed, unopposed motion to extend discovery and scheduling deadlines. ECF No. 80.  The Court's granted Defendants' renewed motion on May 13, 2016. ECF No. 85.

On August 10, 2016, the parties filed a stipulation to stay the case for settlement purposes. ECF No. 91. Therein, the parties "inform[ed] the Court that they have reached a

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

tentative agreement to settle the case." *Id*. The parties further indicated that they "need an additional thirty (30) days to finalize the agreement and wish to avoid any unnecessary litigation costs that arise in connection with the Court's upcoming case management deadlines." *Id*.

On August 11, 2016, the Court entered a minute order instructing the parties to file a settlement documents or a status report regarding the settlement in 30 days and denying the stipulation to stay the case. ECF No. 92.

## II.   APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be completed;
>
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

## III.   ARGUMENT

Defendants submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days. The parties provide the following information pursuant to Local Rule 26-4.

### A.   Discovery Completed

As of the filing of this motion, Defendants have provided Plaintiff with three sets of production of documents pursuant to their disclosure obligations under Federal Rule of Civil

-3-

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

1    Procedure 26 and in response to Plaintiff's informal discovery requests. Plaintiff has provided

2    Defendants with two sets of production documents pursuant to his disclosure obligations.

3         On February 9, 2016, Defendants took Plaintiff's deposition.

4         On February 25, 2016, Defendants served Plaintiff with requests for production of

5    documents. Defendants' requests included authorization forms to obtain an independent set of

6    Plaintiff's medical records.

7         On March 15, 2016, Plaintiff served Defendants with one set of interrogatories and one

8    set of requests for admissions for each of the following three Defendants: Brian Williams,

9    Romeo Aranas, and Benedicto Gutierrez.

10        On March 29, Plaintiff served Defendants with one set of interrogatories and one set of

11   requests for admission for Defendant Francisco Sanchez.

12        On April 7, 2016, Defendants served Plaintiff with responses to the interrogatories and

13   requests for admissions for Defendants Williams, Aranas, and Gutierrez.

14        On April 19, 2016, Defendants served their initial expert witness disclosures.[1]

15        On April 22, 2016, Defendants served supplemental expert witness disclosures.

16        On May 3, 2016, Plaintiff provided Defendants with notarized copies of two record

17   release authorization forms.

18        On May 4, 2016, Plaintiff provided Defendants with responses to their requests for

19   production of documents.

20        On June 14, 2016, Defendants served Plaintiff with responses to the interrogatories for

21   Dr. Sanchez.

22        On July 11, 2016, Defendants served Plaintiff with two discs containing medical

23   imaging and copies of Plaintiff's medical records received from Plaintiff's third-party medical

24   providers. Defendants also served Plaintiff with one set of interrogatories.

25   ///

26   ///

27   _____

[1] Defendants did not provide Plaintiff with an expert report as part of their disclosure. *See* ECF

28   No. 72 (explaining that lack of disclosure was due to an oversight and that additional time was needed to prepare the reports).

-4-

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**B.      Discovery That Remains To Be Completed**

Plaintiff has not yet responded to Defendants' interrogatories.

Defendants have not yet served their expert reports.

**C.      Reasons Why The Deadlines Were Not Satisfied**

On August 5, 2016, the parties reached a tentative agreement to settle the case as indicated in their stipulation. *See* ECF No. 91. The parties requested that the case be stayed to avoid any unnecessary litigation costs associated with the discovery that remains to be completed in this case; however, the request was denied based on an apparent lack of clarity in the wording of the request. *See* ECF No. 92 (instructing the parties to file a settlement documents or a status report regarding the settlement in 30 days and denying the stipulation to stay the case).

Since the parties filed their stipulation, additional challenges to settlement have arisen. However, Defendants nevertheless request an extension to the remaining discovery and scheduling deadlines to attempt to resolve their differences with Plaintiff and avoid any unnecessary discovery and litigation costs. Defendants therefore submit this subsequent motion to clarify that they are requesting that the remaining discovery and scheduling deadlines be extended for an additional thirty (30) days. Defendants have no reason to believe that Plaintiff is opposed to their motion and note that the stipulated stay request would also have resulted in a reprieve from the discovery deadlines, but have not received a response from Plaintiff's counsel about this motion as of the time of filing.

**D.      Proposed Schedule for Remaining Discovery And Scheduling Deadlines**

Defendants propose the following remaining discovery and scheduling deadlines.

| | |
|---|---|
| September 12, 2016 | Close of discovery and last day to serve expert reports |
| October 12, 2016 | Motions for summary judgment due |
| November 11, 2016 | Joint pretrial order due (suspended until 30 days after the Court resolves dispositive motions) |

///

///

IV.    **CONCLUSION**

There is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days and Defendants' request should be granted.

DATED August 12th, 2016.

ADAM PAUL LAXALT
Nevada Attorney General

By:  /s/ Jared M. Frost

Jared M. Frost
Nevada Bar No. 11132
Senior Deputy Attorney General
Office of the Nevada Attorney General
555 E. Washington Avenue, Suite 3900
Las Vegas, Nevada 89101

*Attorneys for Defendants*

IT IS SO ORDERED.
DATED: August 19, 2016

NANCY J. KOPPE
United States Magistrate Judge

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

-6-

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on the 12th day of August, 2016, I served the foregoing, **DEFENDANTS' MOTION TO EXTEND DISCOVERY AND REMAINING SCHEDULING DEADLINES (FOURTH REQUEST)** by causing a true and correct copy thereof to be filed with the Clerk of the Court, using the electronic filing system, and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

John George, Esq.
600 S. 8th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

/s/  Mary Pizzariello_____
An employee of:
STATE OF NEVADA
OFFICE OF THE ATTORNEY GENERAL