ADAM PAUL LAXALT
Nevada Attorney General
JARED M. FROST
Senior Deputy Attorney General
Nevada Bar No. 11132
Office of the Attorney General
Bureau of Litigation
Public Safety Division
555 E Washington Ave, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3177
Email:  jfrost@ag.nv.gov
*Attorneys for Defendants*
*James Cox, Brian Williams, Romeo Aranas,*
*Francisco Sanchez, Frank Dressen,*
*Benedicto Guitierrez, Fred Richardson*
*and Cheryl Dressler*

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUY R. WOODARD,<br><br>              Plaintiff,<br><br>              v.<br><br>JAMES COX, *et al*.<br><br>              Defendants. | Case No.:  2:14-cv-00272-RFB-NJK<br><br>**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISCOVERY AND REMAINING SCHEDULING DEADLINES**<br><br>**(FIFTH REQUEST)** |

Defendants James Cox, Brian Williams, Romeo Aranas, Francisco Sanchez, Frank Dreesen, Benedicto Guitierrez, Fred Richardson, and Cheryl Dressler, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy Attorney General, hereby move to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days for settlement negotiation purposes.

///

///

///

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.      BACKGROUND**

This is a civil action that has been pending for more than twenty-six (26) months. Plaintiff, a former inmate, filed his original civil rights complaint on February 21, 2014. *See* ECF No. 4. On August 26, 2015, Plaintiff filed a third-amended complaint. ECF No. 49. On September 9, 2015, the Court approved the parties' stipulated discovery plan and proposed scheduling order. ECF No. 53). Pursuant to the discovery plan, all discovery must have been completed by February 15, 2016. *Id*. at 2.

On September 23, 2015, Defendants filed a motion to dismiss Plaintiff's third-amended complaint in part. ECF No. 54.

On February 15, 2016, Plaintiff filed a motion for extension of discovery deadlines for 120 days. ECF No. 57. On February 19, 2016, the Court granted Plaintiff's motion. ECF No. 61.

On March 8, 2016, the parties filed a joint motion to reopen and extend the expert deadlines until April 19, 2016. ECF No. 65. The Court granted the parties' motion the following day. ECF No. 66.

On April 19, 2016, the parties filed a stipulation to extend the expert report deadline until June 14, 2016. ECF No. 72. The Court granted the parties' request to extend the expert report deadline on April 20, 2016. ECF No. 73.

On May 6, 2016, Defendants filed a motion to extend discovery and scheduling deadlines. ECF No. 78. On May 9, 2016, the Court denied Defendants motion without prejudice because Defendants had failed to include a certification that they had met and conferred with Plaintiff about the proposed extension. ECF No. 79. On May 12, 2016, Defendants filed a renewed, unopposed motion to extend discovery and scheduling deadlines. ECF No. 80.  The Court's granted Defendants' renewed motion on May 13, 2016. ECF No. 85.

On August 10, 2016, the parties filed a stipulation to stay the case for settlement purposes. ECF No. 91. Therein, the parties "inform[ed] the Court that they have reached a tentative agreement to settle the case." *Id*. The parties further indicated that they "need an

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

additional thirty (30) days to finalize the agreement and wish to avoid any unnecessary litigation costs that arise in connection with the Court's upcoming case management deadlines." *Id*.

On August 11, 2016, the Court entered a minute order instructing the parties to file settlement documents or a status report regarding the settlement in 30 days and denying the stipulation to stay the case. ECF No. 92.

On August 12, 2016, Defendants filed a fourth motion to extend discovery and the remaining scheduling deadlines for thirty (30) days for settlement purposes. ECF No. 93.

On August 15, 2016, Plaintiff filed a joinder to Defendants' fourth motion to extend the remaining deadlines. ECF No. 94. Plaintiff's counsel also filed a motion to withdraw from the case. ECF No. 93.

On August 19, 2016, the Court granted Defendant's fourth motion to extend the remaining deadlines, and discovery is currently set to close on September 12, 2016. ECF No. 97.

On September 1, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 98. Plaintiff did not appear at the hearing. *Id.* At the conclusion of the hearing, the Court continued the hearing until September 19, 2016, and directed Plaintiff to appear by telephone. *Id*. This fifth motion to extend the discovery period and remaining scheduling deadlines follows.

## II.   APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,

(d) A proposed schedule for completing all remaining discovery.

## III.   **ARGUMENT**

Defendants submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days. Defendants provide the following information pursuant to Local Rule 26-4.

### A.   **Discovery Completed**

As of the filing of this motion, Defendants have provided Plaintiff with three sets of production of documents pursuant to their disclosure obligations under Federal Rule of Civil Procedure 26 and in response to Plaintiff's informal discovery requests. Plaintiff has provided Defendants with two sets of production documents pursuant to his disclosure obligations.

On February 9, 2016, Defendants took Plaintiff's deposition.

On February 25, 2016, Defendants served Plaintiff with requests for production of documents. Defendants' requests included authorization forms to obtain an independent set of Plaintiff's medical records.

On March 15, 2016, Plaintiff served Defendants with one set of interrogatories and one set of requests for admissions for each of the following three Defendants: Brian Williams, Romeo Aranas, and Benedicto Gutierrez.

On March 29, Plaintiff served Defendants with one set of interrogatories and one set of requests for admission for Defendant Francisco Sanchez.

On April 7, 2016, Defendants served Plaintiff with responses to the interrogatories and requests for admissions for Defendants Williams, Aranas, and Gutierrez.

On April 19, 2016, Defendants served their initial expert witness disclosures.[1]

---

[1] Defendants did not provide Plaintiff with an expert report as part of their disclosure. *See* ECF No. 72 (explaining that lack of disclosure was due to an oversight and that additional time was needed to prepare the reports).

**Attorney General's Office**
555 E. Washington, Suite 3900
Las Vegas, NV 89101

On April 22, 2016, Defendants served supplemental expert witness disclosures.

On May 3, 2016, Plaintiff provided Defendants with notarized copies of two record release authorization forms.

On May 4, 2016, Plaintiff provided Defendants with responses to their requests for production of documents.

On June 14, 2016, Defendants served Plaintiff with responses to the interrogatories for Dr. Sanchez.

On July 11, 2016, Defendants served Plaintiff with two discs containing medical imaging and copies of Plaintiff's medical records received from Plaintiff's third-party medical providers. Defendants also served Plaintiff with one set of interrogatories.

**B.    Discovery That Remains To Be Completed**

Plaintiff has not yet responded to Defendants' interrogatories.

Defendants have not yet served their expert reports.

**C.    Reasons Why The Deadlines Were Not Satisfied**

On August 5, 2016, the parties reached a tentative agreement to settle the case as indicated in their stipulation. *See* ECF No. 91.  However, on August 11, 2016, Plaintiff sent Defendants an email suggesting that he would not agree to settle unless Defendants also paid Plaintiff's past and future medical expenses, a condition that could add tens of thousands of dollars to the settlement figure Defendants had proposed. Exhibit 1 (declaration of counsel).

On August 15, 2016, Plaintiff's counsel filed a motion to withdraw as counsel. ECF No. 95. Following the filing of the motion to withdraw, Plaintiff's counsel communicated to Defendants that Plaintiff may yet agree to sign a settlement agreement if the parties could resolve the issue of reimbursement of government insurance benefits. Exhibit 1.

On August 31, 2016, the undersigned forwarded Plaintiff's counsel a draft settlement agreement for review. *Id*.

On September 1, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 98. Plaintiff did not appear at the hearing. *Id.* At the conclusion of the hearing, the Court continued the hearing until September 19, 2016, and directed Plaintiff to

appear by telephone. *Id*. Plaintiff's counsel indicated at that time that he would continue researching and discussing the insurance benefits reimbursement issue with Plaintiff to determine if the issue can be resolved. Exhibit 1. The parties are both actively working to address the insurance benefits reimbursement issue prior to the continued hearing on Plaintiff's motion to withdraw in an effort to resolve the case and avoid any unnecessary discovery and litigation costs. *Id*. However, the parties need additional time to obtain needed information and discuss the issue in greater depth. Defendants therefore submit this fifth request to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days. Plaintiff does not oppose Defendants' request. *See id.*

**D.    Proposed Schedule For Remaining Discovery And Scheduling Deadlines**

Defendants propose the following remaining discovery and scheduling deadlines.

| | |
|---|---|
| September 23, 2016 | Joint status report regarding settlement due |
| October 12, 2016 | Close of discovery and last day to serve expert reports |
| November 14, 2016 | Motions for summary judgment due |
| December 12, 2016 | Joint pretrial order due (suspended until 30 days after the Court resolves dispositive motions) |

///
///
///
///
///
///
///
///
///
///
///
///

**Attorney General's Office**
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## IV.   **CONCLUSION**

There is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days and Defendants' unopposed request should be granted.

DATED September 12th, 2016.

ADAM PAUL LAXALT
Nevada Attorney General


By:  /s/ Jared M. Frost
Jared M. Frost (Bar No. 11132)
Senior Deputy Attorney General
*Attorneys for Defendants*


IT IS SO ORDERED.

DATED this _ 13th _ day of September, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## **CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on the 12th day of September, 2016, I served the foregoing, **DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISCOVERY AND REMAINING SCHEDULING DEADLINES (FIFTH REQUEST)** by causing a true and correct copy thereof to be filed with the Clerk of the Court, using the electronic filing system, and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

John George, Esq.
600 S. 8th Street
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

/s/ Mary Pizzariello
An employee of:
STATE OF NEVADA
OFFICE OF THE ATTORNEY GENERAL

# EXHIBIT 1

## DECLARATION OF COUNSEL

# EXHIBIT 1

ADAM PAUL LAXALT
Nevada Attorney General
JARED M. FROST
Senior Deputy Attorney General
Nevada Bar No. 11132
Office of the Attorney General
Bureau of Litigation
Public Safety Division
555 E Washington Ave, Suite 3900
Las Vegas, Nevada 89101
Phone: (702) 486-3177
Email:  jfrost@ag.nv.gov
*Attorneys for Defendants*
*James Cox, Brian Williams, Romeo*
*Aranas, Francisco Sanchez, Frank*
*Dreesen, and Benedicto Gutierrez*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GUY R. WOODARD,<br><br>                    Plaintiff,<br><br>vs.<br><br>JAMES COX, et al.,<br><br>                    Defendants. | Case No.  2:13-cv-01379-RFB-PAL<br><br><br>**DECLARATION OF COUNSEL** |

I, JARED M. FROST, hereby declare, based on personal knowledge and/or information and belief, that the following assertions are true:

1.      I am a Senior Deputy Attorney General employed by the Nevada Attorney General in the Litigation Division, and I make this declaration on behalf of Defendants' motion to extend discovery and remaining scheduling deadlines.

2.      By this motion, I am requesting a thirty (30) day extension of the remaining discovery and scheduling deadlines. This is the fifth request to extend the discovery and scheduling deadlines filed in this matter.

3.      On August 5, 2016, the parties reached a tentative agreement to settle the case as indicated in their stipulation.  However, on August 11, 2016, Plaintiff sent Defendants an email

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

suggesting that he would not agree to settle unless Defendants also paid Plaintiff's past and future medical expenses, a condition that could add tens of thousands of dollars to the settlement figure Defendants had proposed.

4.     On August 15, 2016, Plaintiff's counsel filed a motion to withdraw as counsel. ECF No. 95. Following the filing of the motion to withdraw, Plaintiff's counsel communicated to Defendants that Plaintiff may yet agree to sign a settlement agreement if the parties could resolve the issue of reimbursement of government insurance benefits.

5.     On August 31, 2016, the undersigned forwarded Plaintiff's counsel a draft settlement agreement for review.

6.     On September 1, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. Plaintiff did not appear at the hearing. At the conclusion of the hearing, the Court continued the hearing until September 19, 2016, and directed Plaintiff to appear by telephone. Plaintiff's counsel indicated at that time that he would continue researching and discussing the insurance benefits reimbursement issue with Plaintiff to determine if the issue can be resolved.

7.     The parties are both actively working to address the insurance benefits reimbursement issue prior to the continued hearing on Plaintiff's motion to withdraw in an effort to resolve the case and avoid any unnecessary discovery and litigation costs. However, the parties need additional time to obtain needed information and discuss the issue in greater depth.

8.     On September 12, 2016, I sent an email to John Georege, Esq., Plaintiff's counsel, regarding Defendants' fifth motion to extend the discovery period and remaining scheduling deadlines. Mr. George replied and indicated that he did not oppose the motion.

Pursuant to 28 U.S.C. section 1746 Declarant certifies, under penalty of perjury, that the foregoing is true and correct.

DATED this 12th day of September, 2016.

ADAM PAUL LAXALT
Nevada Attorney General

By:___/s/  Jared M. Frost_____
      JARED M. FROST (Bar No. 11132)
      Senior Deputy Attorney General

*Attorneys for Defendants*

2