ADAM PAUL LAXALT
  Attorney General
JARED M. FROST (Bar No. 11132)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E Washington Ave, Suite 3900
Las Vegas, Nevada 89101
(702) 486-3177 (phone)
(702) 486-3773 (fax)
Email: jfrost@ag.nv.gov

*Attorneys for Defendants*
*James Cox, Brian Williams, Romeo Aranas,*
*Francisco Sanchez, Frank Dreesen,*
*Benedicto Guitierrez, Fred Richardson,*
*and Cheryl Dressler*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GUY R. WOODARD,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES COX, *et al.*<br><br>      Defendants. | Case No.: 2:14-cv-00272-RFB-NJK<br><br>**DEFENDANTS' UNOPPOSED MOTION TO EXTEND DISCOVERY AND REMAINING SCHEDULING DEADLINES**<br><br>**(Sixth Request)** |

    Defendants James Cox, Brian Williams, Romeo Aranas, Francisco Sanchez, Frank Dreesen, Benedicto Guitierrez, Fred Richardson, and Cheryl Dressler, by and through counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy Attorney General, hereby move to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days for settlement negotiation purposes.

///

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     BACKGROUND**

This is a civil action that has been pending for more than twenty-six (26) months. Plaintiff, a former inmate, filed his original civil rights complaint on February 21, 2014. *See* ECF No. 4. On August 26, 2015, Plaintiff filed a third-amended complaint. ECF No. 49. On September 9, 2015, the Court approved the parties' stipulated discovery plan and proposed scheduling order. ECF No. 53. Pursuant to the discovery plan, all discovery must have been completed by February 15, 2016. *Id*. at 2.

On September 23, 2015, Defendants filed a motion to dismiss Plaintiff's third-amended complaint in part. ECF No. 54.

On February 15, 2016, Plaintiff filed a motion for extension of discovery deadlines for 120 days. ECF No. 57. On February 19, 2016, the Court granted Plaintiff's motion. ECF No. 61.

On March 8, 2016, the parties filed a joint motion to reopen and extend the expert deadlines until April 19, 2016. ECF No. 65. The Court granted the parties' motion the following day. ECF No. 66.

On April 19, 2016, the parties filed a stipulation to extend the expert report deadline until June 14, 2016. ECF No. 72. The Court granted the parties' request to extend the expert report deadline on April 20, 2016. ECF No. 73.

On May 6, 2016, Defendants filed a motion to extend discovery and scheduling deadlines. ECF No. 78. On May 9, 2016, the Court denied Defendants' motion without prejudice because Defendants had failed to include a certification that they had met and conferred with Plaintiff about the proposed extension. ECF No. 79. On May 12, 2016, Defendants filed a renewed, unopposed motion to extend discovery and scheduling deadlines. ECF No. 80. The Court granted Defendants' renewed motion on May 13, 2016. ECF No. 85.

On August 10, 2016, the parties filed a stipulation to stay the case for settlement purposes. ECF No. 91. Therein, the parties "inform[ed] the Court that they have reached

a tentative agreement to settle the case." *Id*. The parties further indicated that they "need an additional thirty (30) days to finalize the agreement and wish to avoid any unnecessary litigation costs that arise in connection with the Court's upcoming case management deadlines." *Id*.

On August 11, 2016, the Court entered a minute order instructing the parties to file settlement documents or a status report regarding the settlement in 30 days and denying the stipulation to stay the case. ECF No. 92.

On August 12, 2016, Defendants filed a fourth motion to extend discovery and the remaining scheduling deadlines for thirty (30) days for settlement purposes. ECF No. 93.

On August 15, 2016, Plaintiff filed a joinder to Defendants' fourth motion to extend the remaining deadlines. ECF No. 94. Plaintiff's counsel also filed a motion to withdraw from the case. ECF No. 93.

On August 19, 2016, the Court granted Defendants' fourth motion to extend the remaining deadlines. ECF No. 97.

On September 1, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 98. Plaintiff did not appear at the hearing. *Id*. At the conclusion of the hearing, the Court continued the hearing until September 19, 2016.

On September 12, 2016, Defendants filed an unopposed fifth motion to extend discovery and the remaining scheduling deadlines. ECF No. 102. The Court granted Defendants' motion the following day. ECF No. 103.

On September 19, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 104. At the hearing, counsel withdrew his motion, and the Court directed the parties to file a status report as to settlement negotiations by September 23, 2016.

On September 23, 2016, the parties filed a joint status report informing the Court that Defendants had provided Plaintiff with a draft settlement agreement on September 19, 2016. ECF No. 105.

///

On September 28, 2016, the parties filed an amended joint status report indicating they were working to resolve a Medicaid reimbursement issue needed to resolve the case and that "[t]he execution of the settlement agreement should be finalized within the next thirty (30) days following a final statement regarding Nevada Medicaid subrogation." ECF No. 106. The amended joint status report also indicated that Plaintiff's counsel was having some difficulty communicating with Plaintiff. *Id*.

On October 7, 2016, the undersigned spoke with Plaintiff's counsel by phone. Exhibit 1. Plaintiff's counsel indicated that Plaintiff was still interested in settlement and that he and Plaintiff were awaiting a statement to determine the amount of medical costs Plaintiff may be required to pay Nevada Medicaid pursuant to the settlement agreement. *Id*. In addition, Plaintiff's counsel agreed that a further extension of the remaining deadlines will likely be needed in this case. Later that day, the undersigned also spoke with counsel's assistant who confirmed that Plaintiff had requested a final statement from Nevada Medicaid on August 28, 2016, and that Plaintiff was informed that the statement would be provided within thirty days of the request. *Id*.

On October 12, 2016, Plaintiff's counsel confirmed by phone that he did not oppose Defendants' motion for a sixth extension of the remaining scheduling deadlines. *Id*.

## II.  APPLICABLE LAW

Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;

Page 4 of 8

    (b) A specific description of the discovery that remains to be completed;

    (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,

    (d) A proposed schedule for completing all remaining discovery.

### III.   ARGUMENT

Defendants submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days. Defendants provide the following information pursuant to Local Rule 26-4.

#### A.   Discovery Completed

As of the filing of this motion, Defendants have provided Plaintiff with three sets of production of documents pursuant to their disclosure obligations under Federal Rule of Civil Procedure 26 and in response to Plaintiff's informal discovery requests. Plaintiff has provided Defendants with two sets of production documents pursuant to his disclosure obligations.

On February 9, 2016, Defendants took Plaintiff's deposition.

On February 25, 2016, Defendants served Plaintiff with requests for production of documents. Defendants' requests included authorization forms to obtain an independent set of Plaintiff's medical records.

On March 15, 2016, Plaintiff served Defendants with one set of interrogatories and one set of requests for admissions for each of the following three Defendants: Brian Williams, Romeo Aranas, and Benedicto Gutierrez.

On March 29, Plaintiff served Defendants with one set of interrogatories and one set of requests for admission for Defendant Francisco Sanchez.

On April 7, 2016, Defendants served Plaintiff with responses to the interrogatories and requests for admissions for Defendants Williams, Aranas, and Gutierrez.

///

///

1    On April 19, 2016, Defendants served their initial expert witness disclosures.[1]

2    On April 22, 2016, Defendants served supplemental expert witness disclosures.

3    On May 3, 2016, Plaintiff provided Defendants with notarized copies of two record release authorization forms.

5    On May 4, 2016, Plaintiff provided Defendants with responses to their requests for production of documents.

7    On June 14, 2016, Defendants served Plaintiff with responses to the interrogatories for Dr. Sanchez.

9    On July 11, 2016, Defendants served Plaintiff with two discs containing medical imaging and copies of Plaintiff's medical records received from Plaintiff's third-party medical providers. Defendants also served Plaintiff with one set of interrogatories.

**B.     Discovery That Remains To Be Completed**

Plaintiff has not yet responded to Defendants' interrogatories.

Defendants have not yet served their expert reports.

**C.     Reasons Why The Deadlines Were Not Satisfied**

On August 5, 2016, the parties reached a tentative agreement to settle the case as indicated in their stipulation. *See* ECF No. 91. However, on August 11, 2016, Plaintiff sent Defendants an email suggesting that he would not agree to settle unless Defendants also paid Plaintiff's past and future medical expenses, a condition that could add tens of thousands of dollars to the settlement figure Defendants had proposed. *See* ECF No. 102-1 (Declaration of counsel).

The parties have been working diligently to resolve Plaintiff's concern, ECF No. 106, and Plaintiff continues to express interest in Defendants' settlement offer, Exhibit 1. However, Plaintiff has not yet received a final statement from Nevada Medicaid, *id.*, and the parties therefore need an additional thirty (30) days to receive the statement and

---

[1] Defendants did not provide Plaintiff with an expert report as part of their disclosure. *See* ECF No. 72 (explaining that lack of disclosure was due to an oversight and that additional time was needed to prepare the reports).

attempt to resolve the case through negotiation. Plaintiff does not oppose Defendants' request to extend the remaining scheduling deadlines. *See id.*

### D. Proposed Schedule For Remaining Discovery And Scheduling Deadlines

Defendants propose the following remaining discovery and scheduling deadlines.

November 14, 2016    Close of discovery and last day to serve expert reports

December 12, 2016    Motions for summary judgment due

January 12, 2017    Joint pretrial order due (suspended until 30 days after the Court resolves dispositive motions)

## IV. CONCLUSION

There is good cause to extend the remaining discovery and scheduling deadlines for an additional thirty (30) days and Defendants' unopposed request should be granted.

DATED: October 12, 2016.

>ADAM PAUL LAXALT
>Attorney General
>
>By:   /s/ Jared M. Frost
>         JARED M. FROST (Bar No. 11132)
>         Senior Deputy Attorney General
>
>   *Attorneys for Defendants*

IT IS SO ORDERED.

DATED __October 13__, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on October 12, 2016, I electronically filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada to the following:

Law Office of John George
732 South Sixth Street, Suite 100
Las Vegas, Nevada  89101
*Attorneys for Plaintiff*

/s/ Carol A. Knight
CAROL A. KNIGHT, an employee of the
Office of the Nevada Attorney General

# EXHIBIT 1

# Declaration of Counsel

# EXHIBIT 1

```
 1  ADAM PAUL LAXALT
      Attorney General
 2  JARED M. FROST (Bar No. 11132)
      Senior Deputy Attorney General
 3  State of Nevada
    Office of the Attorney General
 4  555 E Washington Ave, Suite 3900
    Las Vegas, Nevada 89101
 5  (702) 486-3177 (phone)
    (702) 486-3773 (fax)
 6  Email:  jfrost@ag.nv.gov

 7  Attorneys for Defendants
    James Cox, Brian Williams, Romeo Aranas,
 8  Francisco Sanchez, Frank Dreesen,
    Benedicto Guitierrez, Fred Richardson,
 9  and Cheryl Dressler
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| GUY R. WOODARD, | Case No. 2:13-cv-01379-RFB-PAL |
|---|---|
| Plaintiff, | |
| vs. | **DECLARATION OF COUNSEL** |
| JAMES COX, et al., | |
| Defendants. | |

I, JARED M. FROST, hereby declare, based on personal knowledge and/or information and belief, that the following assertions are true:

1. I am a Senior Deputy Attorney General employed by the Nevada Attorney General in the Litigation Division, and I make this declaration on behalf of Defendants' motion to extend discovery and remaining scheduling deadlines.

2. By this motion, I am requesting a thirty (30) day extension of the remaining discovery and scheduling deadlines. This is the sixth request to extend the discovery and scheduling deadlines filed in this matter.

///

Page **1** of **2**

1  3. On October 7, 2016, I spoke with Plaintiff's counsel by phone. Plaintiff's counsel indicated that Plaintiff was still interested in settlement and that he and Plaintiff were awaiting a statement to determine the amount of medical costs Plaintiff may be required to pay Nevada Medicaid pursuant to the settlement agreement. In addition, Plaintiff's counsel agreed that a further extension of the remaining deadlines will likely be needed in this case. Later that day, I also spoke with counsel's assistant who confirmed that Plaintiff had requested a final statement from Nevada Medicaid on August 28, 2016, and that Plaintiff was informed that the statement would be provided within thirty days of the request.

4. On October 12, 2016, Plaintiff's counsel confirmed by phone that he did not oppose Defendants' motion for a sixth extension of the remaining scheduling deadlines.

Pursuant to 28 U.S.C. section 1746, Declarant certifies, under penalty of perjury, that the foregoing is true and correct.

DATED this 12th day of October, 2016.

ADAM PAUL LAXALT
Attorney General

By: /s/ Jared M. Frost
JARED M. FROST (Bar No. 11132)
Senior Deputy Attorney General

*Attorneys for Defendants*