1  ADAM PAUL LAXALT
     Attorney General
2  JARED M. FROST (Bar No. 11132)
     Senior Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Suite 3900
   Las Vegas, Nevada  89101
5  (702) 486-3177 (phone)
   (702) 486-3773 (fax)
6  Email:  jfrost@ag.nv.gov

7  *Attorneys for Defendants*
   *James Cox, Brian Williams, Romeo*
8  *Aranas, Francisco Sanchez, Frank*
   *Dreesen, Benedicto Gutierrez, Fred Richardson,*
9  *and Cheryl Dressler*

10

11

12            **UNITED STATES DISTRICT COURT**

13              **DISTRICT OF NEVADA**

14  GUY R. WOODARD,                          Case No.  2:14-cv-00272-RFB-NJK

15                    Plaintiff,
                                             **DEFENDANTS' UNOPPOSED MOTION**
16  vs.                                      **TO EXTEND DISCOVERY AND**
                                             **REMAINING SCHEDULING**
17  JAMES COX, et al.,                       **DEADLINES**

18                    Defendants.            **(Ninth Request)**

19

20          Defendants James Cox, Brian Williams, Romeo Aranas, Francisco Sanchez, Frank

21  Dreesen, Benedicto Gutierrez, Fred Richardson, and Cheryl Dressler, by and through

22  counsel, Adam Paul Laxalt, Nevada Attorney General, and Jared M. Frost, Senior Deputy

23  Attorney General, hereby move to extend the remaining discovery and scheduling

24  deadlines for an additional sixty (60) days for the Court to consider their Motion to

25  Enforce Settlement Agreement. This motion is made and based on the following points

26  and authorities, the attached declaration of counsel, all papers and pleadings on file in

27  this case, and any further evidence the Court deems appropriate to consider.

28  ///

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    BACKGROUND

This is a civil action that has been pending since February 2014. Plaintiff Guy Woodard, a former inmate, filed his original civil rights complaint on February 21, 2014. *See* ECF No. 4. On October 28, 2014, the parties participated in a settlement conference that did not result in settlement. ECF No. 27.

On October 29, 2014, the Court referred the case to the pro bono program. ECF No. 30.

On December 15, 2014, the Court appointed John George, Esq., to represent Plaintiff in this action. ECF No. 38.

On August 26, 2015, Plaintiff filed a third-amended complaint. ECF No. 49. On September 9, 2015, the Court approved the parties' stipulated discovery plan and proposed scheduling order. ECF No. 53. Pursuant to the discovery plan, all discovery must have been completed by February 15, 2016. *Id*. at 2.

On September 23, 2015, Defendants filed a motion to dismiss Plaintiff's third-amended complaint in part. ECF No. 54.

On February 15, 2016, Plaintiff filed a motion for extension of discovery deadlines for 120 days. ECF No. 57. On February 19, 2016, the Court granted Plaintiff's motion. ECF No. 61.

On March 8, 2016, the parties filed a joint motion to reopen and extend the expert deadlines until April 19, 2016. ECF No. 65. The Court granted the parties' motion the following day. ECF No. 66.

On April 19, 2016, the parties filed a stipulation to extend the expert report deadline until June 14, 2016. ECF No. 72. The Court granted the parties' request to extend the expert report deadline on April 20, 2016. ECF No. 73.

The Court's granted Defendants' renewed motion for another extension on May 13, 2016. ECF No. 85.

///

On August 10, 2016, the parties filed a stipulation to stay the case for settlement purposes. ECF No. 91. Therein, the parties "inform[ed] the Court that they have reached a tentative agreement to settle the case." *Id*. The parties further indicated that they "need an additional thirty (30) days to finalize the agreement and wish to avoid any unnecessary litigation costs that arise in connection with the Court's upcoming case management deadlines." *Id*.

On August 11, 2016, the Court entered a minute order instructing the parties to file settlement documents or a status report regarding the settlement in 30 days and denying the stipulation to stay the case. ECF No. 92.

On August 12, 2016, Defendants filed a fourth motion to extend discovery and the remaining scheduling deadlines for thirty (30) days for settlement purposes. ECF No. 93.

On August 15, 2016, Plaintiff filed a joinder to Defendants' fourth motion to extend the remaining deadlines. ECF No. 94. Plaintiff's counsel also filed a motion to withdraw from the case. ECF No. 93.

On August 19, 2016, the Court granted Defendants' fourth motion to extend the remaining deadlines. ECF No. 97.

On September 1, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 98. Plaintiff did not appear at the hearing. *Id*. At the conclusion of the hearing, the Court continued the hearing until September 19, 2016.

On September 12, 2016, Defendants filed an unopposed fifth motion to extend discovery and the remaining scheduling deadlines. ECF No. 102. The Court granted Defendants' motion the following day. ECF No. 103.

On September 19, 2016, the Court held a hearing on Plaintiff counsel's motion to withdraw. ECF No. 104. At the hearing, counsel withdrew his motion, and the Court directed the parties to file a status report as to settlement negotiations by September 23, 2016.

///

///

On September 23, 2016, the parties filed a joint status report informing the Court that Defendants had provided Plaintiff with a draft settlement agreement on September 19, 2016. ECF No. 105.

On September 28, 2016, the parties filed an amended joint status report indicating they were working to resolve a Medicaid reimbursement issue needed to resolve the case and that "[t]he execution of the settlement agreement should be finalized within the next thirty (30) days following a final statement regarding Nevada Medicaid subrogation." ECF No. 106.

On October 7, 2016, the undersigned spoke with Plaintiff's counsel by phone. ECF No. 108-1. Plaintiff's counsel indicated that Plaintiff was still interested in settlement and that he and Plaintiff were awaiting a statement to determine the amount of medical costs Plaintiff may be required to pay Nevada Medicaid pursuant to the settlement agreement. *Id*. In addition, Plaintiff's counsel agreed that a further extension of the remaining deadlines will likely be needed in this case. Later that day, the undersigned also spoke with counsel's assistant who confirmed that Plaintiff had requested a final statement from Nevada Medicaid on August 28, 2016, and that Plaintiff was informed that the statement would be provided within thirty days of the request. *Id*.

On October 13, 2016, this Court granted Defendants' unopposed sixth request to extend discovery and the remaining deadlines to allow Plaintiff time to receive the statement from Nevada Medicaid and for the parties to attempt to resolve this matter through negotiation. *See* ECF No. 109.

On October 27, 2016, the undersigned contacted Plaintiff's counsel to learn whether Plaintiff had received the statement from Nevada Medicaid and learned that the statement had not been received. ECF No. 111.

By October 28, 2016, thirty (30) days passed from the date Plaintiff had requested a final statement from Nevada Medicaid.

On November 10, 2016, the undersigned again contacted Plaintiff's counsel to determine the status of the Nevada Medicaid statement. *Id*. Counsel stated that he had

1    still not received the statement and that he would contact Nevada Medicaid in an effort to

2    determine the reason for the delay and obtain an update as to when to expect the

3    statement. *Id*.

4         On November 15, 2016, the Court granted Defendants' seventh request to extend

5    discovery and the remaining deadlines. ECF No. 114.

6         On December 21, 2016, the parties filed a stipulation requesting a seventh

7    extension of the discovery and remaining scheduling deadlines, and therein informed the

8    Court that Plaintiff's counsel confirmed on December 14, 2016, that a claim was open but

9    that it would be at least another 30 days before Plaintiff would receive a response. ECF

10   No. 115. On December 22, 2016, the Court granted the parties' request and set a new

11   discovery deadline for February 15, 2017. ECF No. 116. This unopposed ninth request to

12   extend the remaining discovery and scheduling deadlines follows.

13   **II.    APPLICABLE LAW**

14        Local Rule 26-4 (revised May 1, 2016) provides as follows:

> A motion or stipulation to extend any date set by the discovery
> plan, scheduling order, or other order must, in addition to
> satisfying the requirements of LR IA 6-1, be supported by a
> showing of good cause for the extension. A motion or stipulation
> to extend a deadline set forth in a discovery plan must be
> received by the court no later than 21 days before the
> expiration of the subject deadline. A request made within 21
> days of the subject deadline must be supported by a showing of
> good cause. A request made after the expiration of the subject
> deadline will not be granted unless the movant also
> demonstrates that the failure to act was the result of excusable
> neglect. A motion or stipulation to extend a discovery deadline
> or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discovery that remains to be
> completed;
>
> (c) The reasons why the deadline was not satisfied or the
> remaining discovery was not completed within the time limits
> set by the discovery plan; and,
>
> (d) A proposed schedule for completing all remaining discovery.

28   ///

III.    **ARGUMENT**

Defendants submit that there is good cause to extend the remaining discovery and scheduling deadlines for an additional sixty (60) days. Defendants provide the following information pursuant to Local Rule 26-4.

A.    **Discovery Completed**

As of the filing of this motion, Defendants have provided Plaintiff with three sets of production of documents pursuant to their disclosure obligations under Federal Rule of Civil Procedure 26 and in response to Plaintiff's informal discovery requests. Plaintiff has provided Defendants with two sets of production documents pursuant to his disclosure obligations.

On February 9, 2016, Defendants took Plaintiff's deposition.

On February 25, 2016, Defendants served Plaintiff with requests for production of documents. Defendants' requests included authorization forms to obtain an independent set of Plaintiff's medical records.

On March 15, 2016, Plaintiff served Defendants with one set of interrogatories and one set of requests for admissions for each of the following three Defendants: Brian Williams, Romeo Aranas, and Benedicto Gutierrez.

On March 29, Plaintiff served Defendants with one set of interrogatories and one set of requests for admission for Defendant Francisco Sanchez.

On April 7, 2016, Defendants served Plaintiff with responses to the interrogatories and requests for admissions for Defendants Williams, Aranas, and Gutierrez.

On April 19, 2016, Defendants served their initial expert witness disclosures.[1]

On April 22, 2016, Defendants served supplemental expert witness disclosures.

On May 3, 2016, Plaintiff provided Defendants with notarized copies of two record release authorization forms.

---

[1] Defendants did not provide Plaintiff with an expert report as part of their disclosure. *See* ECF No. 72 (explaining that lack of disclosure was due to an oversight and that additional time was needed to prepare the reports).

On May 4, 2016, Plaintiff provided Defendants with responses to their requests for production of documents.

On June 14, 2016, Defendants served Plaintiff with responses to the interrogatories for Dr. Sanchez.

On July 11, 2016, Defendants served Plaintiff with two discs containing medical imaging and copies of Plaintiff's medical records received from Plaintiff's third-party medical providers. Defendants also served Plaintiff with one set of interrogatories.

**B.    Discovery That Remains To Be Completed**

Plaintiff has not yet responded to Defendants' interrogatories.

Defendants have not yet served their expert reports.

**C.    Reasons Why The Deadlines Were Not Satisfied**

On August 5, 2016, the parties reached a tentative agreement to settle the case as indicated in their stipulation. *See* ECF No. 91. However, on August 11, 2016, Plaintiff sent Defendants an email suggesting that he would not agree to settle unless Defendants also paid Plaintiff's past and future medical expenses, a condition that could add tens of thousands of dollars to the settlement figure Defendants had proposed. *See* ECF No. 102-1.

Since August 2016, the parties have agreed to multiple extensions of the remaining discovery and case management deadlines while Plaintiff sought to determine exactly what amounts he owes to Nevada Medicaid. *See* Exhibit 1 (Declaration of Counsel). After a lengthy delay, on January 26, 2017, Plaintiff's counsel informed the undersigned that he had received a statement from Nevada Medicaid indicating that Plaintiff owes $11,394.34. *Id.*

On January 27, 2017, Plaintiff, Plaintiff's counsel, and the undersigned met in person to discuss the status of the settlement agreement. *Id.* During the meeting, Plaintiff indicated that he wanted $50,000 and removal of any provision concerning the payment of medical liens in exchange for his agreement to settle the case. *Id.* In response, the undersigned provided Plaintiff and Plaintiff's counsel with documentation of Plaintiff

1  counsel's acceptance of Defendants' August 2016 counteroffer, and communicated

2  Defendants' position that an enforceable agreement had already been reached. *Id.* The

3  parties agreed that Plaintiff would seek a reduction of the Medicaid reimbursement

4  amount in an effort to advance settlement discussions. *Id.*

5        On February 13, 2017, the undersigned received a phone message from an

6  assistant indicating that Plaintiff had called and stated that he intended to proceed in

7  this matter without counsel. *Id.*

8        On February 14, 2017, the undersigned spoke with Plaintiff's counsel by phone. *Id.*

9  Plaintiff's counsel indicated that Plaintiff had not informed him of a desire to proceed

10 without his assistance, and that he would attempt to contact Plaintiff to follow up. *Id.*

11 Plaintiff's counsel also indicated that he is currently in trial and that he did not oppose

12 another extension of the discovery and remaining scheduling deadlines. *Id.* Plaintiff's

13 counsel further indicated that he had contacted an attorney at the Office of the Attorney

14 General concerning a possible Medicaid reimbursement reduction, but that the attorney

15 had requested information about costs and that Plaintiff's counsel had not received a

16 response to the reduction request. *Id.*

17       Given the prolonged delays in this case, Plaintiff's refusal to acknowledge his

18 obligations to pay the medical lien, and uncertainty as to whether Plaintiff has decided to

19 go forward in this case without the assistance of counsel, Defendants are filing a motion

20 to enforce the August 2016 settlement agreement. Defendants submit that, prior to

21 placing this case back on the litigation track, the Court should have an opportunity to

22 consider and rule on their potentially-dispositive motion. Defendants therefore request

23 that the Court extend the remaining discovery and scheduling deadlines for an additional

24 sixty (60) days to allow the parties to brief the issue and for the Court to issue a ruling on

25 the enforcement motion.

26 ///

27 ///

28 ///

**D.     Proposed   Schedule   For   Remaining   Discovery   And   Scheduling Deadlines**

Defendants propose the following remaining discovery and scheduling deadlines.

April 17, 2017                Close of discovery and last day to serve expert reports

May 16, 2017                 Motions for summary judgment due

June 15, 2017                Joint pretrial order due (suspended until 30 days after the Court resolves dispositive motions)

## IV.   CONCLUSION

There is good cause to extend the remaining discovery and scheduling deadlines for an additional sixty (60) days and Defendants' unopposed request should be granted.

DATED this 15th day of February, 2017.

ADAM PAUL LAXALT
Attorney General

By:  /s/ Jared M. Frost
     JARED M. FROST (Bar No. 11132)
     Senior Deputy Attorney General

     *Attorneys for Defendants*

IT IS SO ORDERED.

DATED __February 16th,__ _.___, 2017.

_____
UNITED STATES MAGISTRATE JUDGE